Eastern District of Kentucky
FILED

SEP 22 2025

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25CR91-GFVT

UNITED STATES OF AMERICA                                     PLAINTIFF

V.                          **PLEA AGREEMENT**

JONATHAN C. WILKERSON                                        DEFENDANT

\* \* \* \* \*

1.  Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole Count of the Indictment, charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon.

2.  The essential elements of the sole Count of the Indictment are:

    (a) That the Defendant knew he had been convicted of a crime punishable by imprisonment for more than one year;

    (b) That the Defendant, following the conviction, knowingly possessed a firearm;

    (c) That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

    (d) That the firearms crossed a state line prior to the alleged possession.

3.  As to the sole Count of the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On April 13, 2025, officers with the Lexington Police Department responded to a vehicle collision in the area of N. Limestone and N. Broadway Park in Fayette County, in the Eastern District of Kentucky. At the scene, officers observed a vehicle which had crashed into a utility pole and fire hydrant. Witnesses on the scene advised officers that 2 male blacks exited the vehicle and ran in separate directions. Witnesses advised that one of the individuals ran onto N. Broadway Park and was able to describe the clothing of the individual. One of the officers located an individual matching the description, later identified as Jonathan Wilkerson. Wilkerson advised he was high and attempted to leave. Wilkerson was guided back to the officer's cruiser where he sat down in the roadway. Wilkerson was uncooperative and as officer's struggled with him, Wilkerson reached for his waistband. Officers observed a black handgun around his waist area.

(b) Law enforcement located a string backpack lying next to a black utility box in the possible path between the vehicle collision and where Wilkerson was located. From witness accounts the backpack appeared to be the same as seen when Wilkerson left the wrecked vehicle. Inside the backpack officers located a bag of suspected methamphetamine and a bag of suspected fentanyl.

(c) ATF examined the firearm in Wilkerson's possession and identified it as a Springfield Armory pistol, model: XDs-45, caliber .45ACP, bearing serial number HG142698. The firearm was further identified as having been manufactured outside the Commonwealth of Kentucky and therefore traveled through interstate commerce prior to Wilkerson's possession.

(d) The Defendant knew he had previously been convicted of Assault Second Under Extreme Emotional Disturbance, a crime punishable by imprisonment for more than one year, by final Judgment of the Fayette Circuit Court, in Case Number 22-CR-7, in August 2023.

4. The statutory punishment for the sole Count of the Indictment is imprisonment for not more than 15 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

    (a) United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 and all provided discovery materials.

    (c) Pursuant to U.S.S.G. § 2K2.1(a)(2), the base offense level is 24 because the offense was committed subsequent to sustaining at least 2 felony convictions of either a crime of violence or controlled substance offense.

    (d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. The United States asserts that pursuant to U.S.S.G. § 2K2.1(b)(6)(B), the offense level is increased by 4 levels because a firearm was used or possessed in connection with another felony offense. The Defendant disagrees and reserves the right to challenge any application of U.S.S.G. § 2K2.1(b)(6)(B).

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

9. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation and the Defendant's arrest, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional

level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 9/22/25   By: *[signature]* for
Cynthia T. Rieker
Assistant United States Attorney

Date: 9/22/25   *[signature]*
Jonathan C. Wilkerson
Defendant

Date: 9/22/25   *[signature]*
Rawl Kazee
Attorney for Defendant